Dr. Richard Hurley, Director Human Resources Little Rock School District 810 W. Markham Little Rock, Arkansas 72201
Dear Dr. Hurley:
This official Attorney General opinion is issued in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that the Little Rock School District received a request from the Arkansas Democrat Gazette for a copy of an employee's personnel file. You further indicate that, as custodian of the records, you have agreed to provide the requested file after redacting the following:
• All addresses and telephone numbers;
• All references to Social Security numbers;
 • All references to the basis for the recommendation of termination and/or the employee's resignation; and
• All employee evaluation forms.
You have inquired as to whether your decision concerning the release of the requested file is consistent with the FOIA.
As discussed more fully below, it is my opinion that:
 • Your decision with regard to the social security numbers is consistent with the FOIA.
 • Your decision with regard to telephone numbers is consistent with the FOIA to the extent that it would withhold unlisted numbers from disclosure, but it is inconsistent with the FOIA to the extent that it would withhold listed numbers from disclosure.
 • The propriety of your decision with regard to (1) address information, (2) references to the basis for recommendation of termination and/or to the employee's resignation, and (3) employee evaluation forms, will depend upon certain particular facts of the situation to which I am not privy. For this reason, I cannot opine definitively with regard to your decision about these matters, but I will set forth the parameters of the applicable law, upon the basis of which you can evaluate your decision in light of the particular facts.
Addresses
The Arkansas Supreme Court recently upheld the decision of a lower court allowing the home addresses of certain city police officers to be withheld from disclosure. See Stilley v. McBride, Ark. S. Ct. Case No. 97-628 (March 19, 1998). In reaching its decision, the court engaged in a determination of the degree to which the release of address information would serve the purpose of the FOIA, which, the court stated, is to keep the citizens of the state "advised of the performance of their public officials." Id. at 8. The court found that the purpose for which the addresses were requested in Stilley (i.e., to enable the requester to obtain service of process on the individuals) did not further the purpose of the FOIA. The addresses were therefore properly withheld from disclosure. Accordingly, I conclude generally that unless the facts of a particular case would render the address information necessary to advise the citizens of the state of the performance of the public officials, such information can be properly withheld. The conclusion that is reached regarding this issue will clearly depend upon the facts of each case, however.
Telephone Numbers
I have consistently opined that although unlisted telephone numbers may be withheld from disclosure, listed telephone numbers are not exempt from release. See, e.g., Op. Att'y Gen. No. 93-403 and citations therein. Those opinions were based upon the presumption that in most factual scenarios, there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test. I must note, however, that factual circumstances could occur in which a privacy interest in previously available information could be established, and that the U.S. Supreme Court has recognized the protectability of such an interest. SeeDepartment of Defense v. FLRA, 510 U.S. 487, 500 (1994). I also note that the Arkansas Supreme Court relied upon the FLRA case in deciding Stilleyv. McBride, supra, but that Stilley did not involve a request for telephone numbers. I therefore continue to hold the view that as a general matter, unless specialized facts indicate a heightened privacy interest in listed telephone numbers (see, e.g., Op. Att'y Gen. No.98-097, regarding concerns inherent in the release of the telephone numbers of a particular group of retirees), those numbers, if requested under the FOIA, are not exempt from disclosure, but that unlisted telephone numbers, in which there clearly is a heightened privacy interest, should be withheld. Accordingly, I conclude that your decision to redact all telephone numbers is not consistent with the FOIA. Telephone numbers that are unlisted should be redacted, but listed telephone numbers are generally not exempt from disclosure.
Social Security Numbers
I have also consistently opined that Social Security numbers are exempt from disclosure and should be redacted from documents that are released.See, e.g., Op. Att'y Gen. No. 97-079. I therefore conclude that your decision to redact this information is correct.
Basis for Recommendation of Termination
I have not reviewed the particular records containing "references" to the basis for a recommendation of the termination of the employee in question, and therefore cannot opine definitively as to the nature and proper treatment of such documents. Because the source of such references is unclear, I cannot draw any conclusions as to the proper classification of these references. I can, nevertheless, state as a general matter that if the references were made by the employer or by a representative of the employer, they can be properly classified as "employee evaluation/job performance records," within the meaning of the FOIA. See A.C.A. §25-19-105(c). I have previously opined that records reflecting action taken against an employee — even actions less severe than actual termination or suspension — constitute "employee evaluation/job performance records." See Op. Att'y Gen. No. 98-006. This conclusion is consistent with previous opinions of this office, in which I have consistently taken the position that records which detail the performance or lack of performance of an employee are properly classified as "employee evaluation/job performance records." See, e.g., Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055.
If, the references to the basis for recommendation of termination are determined to constitute "employee evaluation/job performance records," these references can only be released if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
You have not indicated whether the employee in question was suspended or terminated. I therefore cannot opine as to whether the first two of the above conditions have been met. Even if the first two conditions have been met, the question of whether the third condition has been met is a question of specific fact.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, The Arkansas Freedom of Information Act (mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present."Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). These are the factors that you, as the custodian of the records, should consider in making your decision as to the disclosure of references to the basis for a recommendation of termination of the employee in question.
I cannot opine as to the disclosability of any references to the basis for recommendation of termination that originated from some source other than the employer. A knowledge of the origin of the reference would be necessary to a determination of the proper classification of the references and of the applicable standard of disclosability.
Resignation
Like the "references" to the basis for recommendation of termination, the source of the "references" to the employee's resignation is unclear. This information is necessary to a determination of the proper classification of the references.
If the references to the employee's resignation are references made by the employer of a representative of the employer, they would likely be classifiable as "employee evaluation/job performance records," and must therefore be evaluated under the standards set forth above under the discussion of references to the basis for a recommendation of termination.
However, if the references to the employee's resignation occur in the employee's own letter of resignation, the disclosability of the letter must be analyzed under a different standard. I have consistently opined that letters of resignation are properly classified as "personnel records," within the meaning of the FOIA. See A.C.A. § 25-19-105(b)(10).See, e.g., Ops. Att'y Gen. Nos. 97-063; 96-088, 95-162. Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). I have previously opined that unless a letter of resignation contains statements that are of a personal nature, the letter will not implicate the privacy concerns reflected in A.C.A. § 25-19-105(b)(10) so as to be exempt from disclosure. See Ops. Att'y Gen. Nos. 97-063; 95-169; 95-162; 89-077. If, however, the resignation letter does include information of a personal nature, it may be exempt form disclosure. See Ops. Att'y Gen. Nos. 97-079; 96-088. These, of course, are questions of specific fact.
I cannot opine as to the disclosability of references to the employee's resignation that originated from some source other than the employer or the employee. A knowledge of the origin of the reference would be necessary to a determination of the proper classification of the references and of the applicable standard of disclosability.
Employee Evaluation Forms
The disclosability of employee evaluation forms must be determined under the standards set forth above under the discussion of the basis for recommendation of termination. To reiterate, employee evaluation records are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether these conditions have been met is a question of fact that is particular to each situation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh